991 F.2d 795
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
VANTAGE ELECTRIC, INC., Respondent.
 No. 93-5240.
 United States Court of Appeals, Sixth Circuit.
 March 30, 1993.
 
 Before NORRIS and SILER, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 
 1
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, Vantage Electric, Inc., its officers, agents, successors, and assigns, enforcing its order dated November 3, 1992, in Case Nos. 9-CA-28036-1, 9-CA-28036-2, and 9-RC-15798, and the Court having considered the same, it is hereby
 
 
 2
 ORDERED AND ADJUDGED by the Court that the Respondent, Vantage Electric, Inc., its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Coercively interrogating its employees concerning their union sentiments, and those of fellow employees.
 
 
 4
 (b) Threatening to close in the event that employees selected International Brotherhood of Electrical Workers, Local Union 369, AFL-CIO (hereinafter called the Union) as their bargaining representative.
 
 
 5
 (c) Threatening employees with unspecified reprisals or more onerous working conditions against employees who supported the Union.
 
 
 6
 (d) Giving the impression to employees that their union activities were being kept under surveillance by the Respondent.
 
 
 7
 (e) In any like or related manner restraining or coercing employees in the exercise of the rights guaranteed them by Section 7 of the National Labor Relations Act (hereinafter called the Act).
 
 
 8
 2. Take the following affirmative action necessary to effectuate the policies of the Act:
 
 
 9
 (a) Offer Thomas Woodcock immediate and full reinstatement to his job, or if that job no longer exists, to a substantially equivalent position without prejudice to his seniority or any other rights and privileges previously enjoyed, and make him whole for any loss of earnings and other benefits suffered as a result of the discrimination against him in the manner set forth in the Remedy section of the Administrative Law Judge's Decision.
 
 
 10
 (b) Remove from its files any reference to the unlawful discharge and notify Thomas Woodcock in writing that this has been done and that the discharge will not be used against him in any way.
 
 
 11
 (c) Preserve and upon request make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this Judgment.
 
 
 12
 (d) Post at its facility in Louisville, Kentucky, and at any jobsites operating at the time of posting, copies of the attached notice marked "Appendix." Copies of this notice on forms provided by the Regional Director for Region 9 of the National Labor Relations Board (Cincinnati, Ohio), after being signed by Respondent's authorized representative, shall be posted by Respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced or covered by any other material.
 
 
 13
 (e) Notify the aforesaid Regional Director, in writing, within 20 days from the date of this Judgment, what steps Respondent has taken to comply therewith.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 14
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES
 
 COURT OF APPEALS ENFORCING AN ORDER OF THE
 NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 15
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 16
 WE WILL NOT discharge or otherwise discriminate against any of you for supporting the INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION 369, AFL-CIO.
 
 
 17
 WE WILL NOT coercively question you about your union support or activities.
 
 
 18
 WE WILL NOT threaten to close the business if the Union wins the election.
 
 
 19
 WE WILL NOT threaten more onerous working conditions to force employees to quit if the Union wins an election.
 
 
 20
 WE WILL NOT give our employees the impression their union activities are under surveillance.
 
 
 21
 WE WILL offer THOMAS WOODCOCK immediate and full reinstatement to his former job, or if that job no longer exists, to a substantially equivalent position without prejudice to his seniority or any other rights and privileges previously enjoyed, and WE WILL make him whole for any loss of earnings and other benefits resulting from his discharge less any net interim earnings plus interest.
 
 
 22
 WE WILL NOTIFY THOMAS WOODCOCK that we have removed from our files any reference to his discharge and this discharge will not be used against him in any way.
 
 
 23
 VANTAGE ELECTRIC, INC.
 
 
 24
 ----------------------
 
 
 25
 (Employer)
 
 
 26
 Dated __________ By ______________________
 
 
 27
 (Representative) (Title)
 
 
 28
 This is an official notice and must not be defaced by anyone.
 
 
 29
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered with any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, Region 9, 3003 John Weld Peck Federal Building, 550 Main Street, Room 3003, Cincinnati, Ohio 45202--3271, Tel. No. 513-684-3686.